IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. JRR-23-0327 |
| JALEN KELLEY | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MOTION IN LIMINE TO EXCLUDE ILLEGAL RECORDING AND TESTIMONY REGARDING THE UNDERLYING CONVERSATION**

Jalen Kelley moves in limine to exclude evidence related to a recording made by his stepsister and the underlying conversation between the two under the Maryland Wiretap Act and Federal Rules of Evidence 401, 801, and 802.

## Relevant Background

In 2021, Mr. Kelley's stepsister "surreptitiously recorded" Mr. Kelley. ECF 65 at 5. There is no dispute that Mr. Kelley was not aware that he was being recorded, as Mr. Kelley's stepsister informed law enforcement during an interview of this fact. After the interview, Mr. Kelley's stepsister provided the audio recording to law enforcement.

The Government has produced this audio recording twice to the defense; each recording is 10 minutes and 29 seconds long. During the portion of the conversation in the Defense's possession, Mr. Kelley's stepsister tells Mr. Kelley her opinion that he got a scholarship to play at a Division III college, rather than a Division I college, because of alleged incidents that occurred in high school.[1] Mr. Kelley does not make any admissions or relevant statements during the entirety of the surreptitious recording in the Defense's possession. During her interview with law enforcement, Mr. Kelley's stepsister reported that Mr. Kelley did not take responsibility for any actions she confronted him about.

---

[1] The recording in the Defense's possession appears to end before the conversation ended.

1

**Argument**

I. **The Recording And Any Evidence Derived Therefrom Should Be Excluded At Trial Under The Maryland Wiretap Act.**

The Maryland Wiretap Act makes it a felony to record any private conversation without the consent of all parties. Md. Code Ann. Cts. & Jud. Proc. § 10-402(a)(1), (c)(3); *Id.* § 10-401(2)(i); *Agnew v. State*, 197 A.3d 27, 32 (Md. 2018); *Holmes v. State*, 182 A.3d 341, 350 (Md. App. 2018) ("[T]he use of a cell phone by a private citizen to secretly record a face-to-face oral conversation without the consent of all participants is . . . a presumptive violation of Maryland's wiretap law.").[2] The recording made by Mr. Kelley's stepsister was illegally made in violation of the Maryland Wiretap Act.

The Maryland Wiretap Act requires exclusion of unlawfully intercepted communications and evidence derived therefrom. *Id.* § 10-405(a). Section 10-405(a) of Maryland Courts and Judicial Proceedings states,

> Except as provided in subsection (b) of this section, whenever any wire, oral, or electronic communication has been intercepted, no part of the contents of the communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of this State, or a political subdivision thereof if the disclosure of that information would be in violation of this subtitle.

Md. Code Ann., Cts. & Jud. Proc. § 10-405(a).

There is no "clean hands" exception to this rule of exclusion—meaning, that the Government does not get to use the illegally obtained recording because a non-governmental agent obtained the recording.

In *Mustafa v. State*, 591 A.2d 481 (Md. 1991), the then-Maryland Court of Appeals considered what to do when a private citizen who was not acting at the direction of law

---

[2] The Defense assumes the recording was made with a cell phone.

2

enforcement disclosed an intercepted conversation to the police. *Id.* at 484. The conversation was lawfully intercepted in Washington, D.C., but would have been unlawfully intercepted under Maryland law. *Id.* The court held that the evidence was not admissible in Maryland courts, stating,"[T]he Maryland Act precludes the disclosure in a Maryland court of communications seized by Dilliner, who was not acting under the direction or supervision of an investigative or law enforcement officer." *Id.* at 485-86. Notably, the court held:

> The exclusionary provision in § 10-405 of the Maryland Act precludes the admission of evidence which was not lawfully intercepted. **The language of this section is unambiguous, and provides for no exceptions. There is no indication that the legislature intended to adopt anything but an "all-encompassing exclusionary rule which is unequivocally fashioned in § 10-405."**

*Id.* at 485 (emphasis added) (quoting *Wood v. State*, 431 A.2d 93, 95 (Md. 1981)).

In *Perry v. State*, 741 A.2d 1162, 1165 (Md. 1999), the then-Maryland Court of Appeals considered whether telephone conversations taped by one of the alleged participants in the crime and had been seized pursuant to a valid search warrant was admissible. The question was whether "the interception . . . was 'in accordance with the provisions of the [wiretap act].'" *Id.* at 1176. The court held that there was no co-conspirator exception, nor willfulness requirement to the § 10-405 exclusionary rule. *Id.* at 1174-78. Instead, the court reiterated a strict interpretation of § 10-405, explaining that "[a]ny exception that would make an interception lawful or that would preclude an aggrieved person from moving to suppress an unlawful interception must be 'specifically' provided for in the Act." *Id.* at 1175.

*Miles v. State*, 781 A.2d 787, 794 (Md. 2001), also supports the Defense's position. In that case, a resident monitoring law enforcement radio transmissions with a scanner overheard a conversation he thought might be related to a news story about a murder and turned it over to the police. The police then used information gathered from the recorded conversation in a search

3

warrant application. *Id.* at 796. The question on appeal was whether the trial court erred in denying the motion to suppress downstream evidence seized as a result of a warrant that included information from the recorded conversation. *Id.*

Dispositive here, the court stated that the trial court correctly suppressed the recorded conversation "and any reference thereto" under § 10-405. *Id.* at 802. The court came out differently on the question of whether the trial court appropriately suppressed the downstream evidence, but that was under the attenuation doctrine, *id.* at 805-17, which is not at issue here. Importantly, the court made clear that it was not adopting the "clean hands" doctrine, under which the government is permitted to use unlawful interceptions made in violation of a wiretap statute where the government "took no part in unlawful interceptions." *Id.* at 816 n.14.

As these cases make clear, § 10-405(a) requires exclusion of the recording and the Government cannot use it at trial. Given that § 10-405(a) also requires exclusion of derivative evidence, the Government should be prohibited from using the video to refresh Mr. Kelley's stepsister's recollection or during witness preparation.

## II.     The Recording Should Be Excluded As Irrelevant Hearsay.

Moreover, the recording – and any testimony about the conversation – should be excluded under Federal Rules of Evidence 401, 801, and 802. The relevant portion of the recording consists of Mr. Kelley's stepsister making certain comments about the alleged high school incidents and no relevant admissions from Mr. Kelley. From the stepsister's interview with law enforcement, it appears that is all the entire conversation consisted of. Mr. Kelley's stepsister has no first-hand knowledge of the alleged high school incidents.

Accordingly, the conversation and recording are irrelevant under Rule 401 and inadmissible hearsay under Rules 801 and 802. As the proponent of this evidence, the Government bears the

burden of establishing its admissibility. *See United States v. Vidacak*, 553 F.3d 344, 349 (4th Cir. 2009). Given that, Mr. Kelley reserves the right to respond to the Government's theory of admissibility for the recording and underlying conversation.

## **Conclusion**

For these reasons, the Court should exclude the illegal recording and any testimony about the underlying conversation, as well as prohibit the Government from using the video to refresh Mr. Kelley's stepsister's recollection or during witness preparation.

Respectfully submitted,

/s/
Sedira Banan (#804827)
Maggie Grace (#29905)
Assistant Federal Public Defenders
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Telephone: (410) 962-3962
Facsimile: (410) 962-3976
Email: sedira_banan@fd.org
       maggie_grace@fd.org